UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| **JARROD BRODERICK WILSON** | **CIVIL ACTION NO. 11-1318-P** |
| **VERSUS** | **JUDGE WALTER** |
| **DENNIS G. REED, ET AL.** | **MAGISTRATE JUDGE HORNSBY** |

REPORT AND RECOMMENDATION

Jarrod Broderick Wilson ("Plaintiff") filed a civil rights complaint against Warden Dennis G. Reed, Lt. Randy Clark, and Tiffany Norwood as defendants. Plaintiff is currently incarcerated at the Bossier Medium Correctional Center, but claims his civil rights were violated by prison officials while incarcerated at the DeSoto Parish Detention Center in Mansfield, Louisiana.

Plaintiff filed a motion for injunctive relief and a temporary restraining order (Doc. 4). He claims that while incarcerated at the DeSoto Parish Detention Center, he was denied medical treatment for hepatitis-C because it was too expensive.

Rule 65 of the Federal Rules of Civil Procedure provides, in pertinent part, as follows:

> (b) A temporary restraining order may be granted without written or oral notice to the adverse party or that party's attorney only if (1) it clearly appears from specific facts shown by affidavit or by the verified compliant that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party's attorney can be heard in opposition...

In order to obtain a preliminary injunction, Plaintiff would have to show (1) a substantial likelihood of success on the merits, (2) a substantial threat of irreparable injury absent an

injunction, (3) that the threatened injury would exceed any harm that would flow from the injunction and (4) that the injunction would not undermine the public interest. Walgreen Co. v. Hood, 275 F.3d 475, 477 (5th Cir. 2001).

Plaintiff has failed to meet the requirements set forth above. Plaintiff cannot prove he will suffer irreparable injury if the Court refuses to grant a temporary restraining order and/or preliminary injunction as he is no longer in the custody of Defendants. In fact, he is currently incarcerated in the Bossier Medium Correctional Center in Plain Dealing, Louisiana. Thus, his claims are moot.

Accordingly;

**IT IS RECOMMENDED** that the Motion for Preliminary Injunction and Temporary Restraining Order (Doc. 4) be **DENIED** as moot.

## Objections

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ. Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed.R.Civ.P. 6(b). A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within fourteen (14) days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED** at Shreveport, Louisiana, this the 3rd day of February, 2012.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE