UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

JARROD BRODERICK WILSON         CIVIL ACTION NO. 11-cv-1318

VERSUS         JUDGE WALTER

DENNIS G. REED, ET AL         MAGISTRATE JUDGE HORNSBY

## REPORT AND RECOMMENDATION

**Introduction**

    Jarrod B. Wilson ("Plaintiff") is a self-represented prisoner who filed this civil rights action against three defendants at the DeSoto Parish Detention Center. Plaintiff complains that he received inadequate medical care while he was housed there as a pretrial detainee. The named defendants are Warden Dennis Reed, Lieutenant Randy Clark, and nurse Tiffany Norwood.

    The Marshal was unable to serve Tiffany Norwood, who no longer worked at the jail and could not be located. The court allowed Plaintiff an opportunity to supply a current address for Norwood. Doc. 38. Plaintiff did not provide any new service information, so all claims against Norwood were dismissed, without prejudice to the right of Plaintiff to seek reinstatement if he was able to provide the court a current service address within a reasonably prompt time that does not interfere with the timely resolution of the case. Doc. 41. Plaintiff has not provided any additional information.

Defendants Reed and Clark have filed a Motion for Summary Judgment (Doc. 44) supported largely by copies of Plaintiff's medical records. Plaintiff, who has now been sentenced and is housed at the Winn Correctional Center, did not file any timely opposition. For the reasons that follow, it is recommended that the Motion for Summary Judgment be granted.

**The Constitution and Inmate Medical Care**

For a convicted prisoner or pretrial detainee to prevail on a claim that his medical care (or lack of care) violated the Constitution, he must prove that prison or jail officials were "deliberately indifferent" to his "serious medical needs." Estelle v. Gamble, 97 S.Ct. 285, 291 (1976); Hare v. City of Corinth, 74 F.3d 633, 643 (5th Cir. 1996) (en banc). Deliberate indifference encompasses only unnecessary and wanton infliction of pain repugnant to the conscience of mankind. Estelle, 97 S.Ct. at 291-92. Disagreement with the diagnostic measures or methods of treatment afforded by prison officials does not state a constitutional claim for indifference to medical needs. Norton v. Dimazana, 122 F.3d 286, 292 (5th Cir. 1997).

**Relevant Facts**

Plaintiff alleges in his complaint that, while in jail, he began to experience severe pain in the area of his liver and learned that he suffered from Hepatitis C. He complains that jail officials did not ensure that he receive proper pain medication and other treatment for his condition.

Jail records show that Plaintiff, born in 1976, was jailed in DeSoto Parish a half dozen times beginning at the age of 18. Plaintiff complained of chest pain while in jail in October 2009, and he was taken by ambulance to the emergency room at the DeSoto Regional Health System. Tests indicated high blood pressure and elevated liver enzymes. Plaintiff was discharged but referred to LSUMC for follow-up. The follow-up visit was made in November 2009. Plaintiff told the physician that his blood pressure was always high and that he only takes medications when incarcerated. Plaintiff was told to stop smoking, exercise, and eat healthy. He was given a prescription and directed to return for a follow-up in one month.

There is no indication the follow-up visit was made. Plaintiff alleges that he complained about his lack of medical care and filed a lawsuit. He was released not long afterward based on a plea bargain that included a sentence of time served. Plaintiff voluntarily dismissed that lawsuit.

Plaintiff was arrested on new charges on July 29, 2010. Defendants represent that there is no indication in the LSUMC medical records that Plaintiff sought treatment between his January 2010 release and July 2010 arrest. Within weeks of being jailed, however, Plaintiff began to file requests for medical attention. He was taken to LSUMC on September 16, 2010. His blood pressure medications were refilled. Despite elevated liver enzyme readings, Plaintiff had no jaundice or acute symptoms of Hepatitis C. Blood work was negative for Hepatitis B and HIV. Plaintiff again admitted that he only took his medication when incarcerated. Plaintiff was told to come back to the clinic after he was released.

Plaintiff submitted eight medical request forms and was twice taken to the doctor between September 16, 2010 and February 14, 2011. His medical problems ranged from jock itch to a desire for a laxative. When Plaintiff complained that he was "hurtin like hell," the nurse made an appointment with the doctor's office. Tests at that visit led to a diagnosis of abdominal pain in the right upper quadrant and unspecified constipation. The physician prescribed Levsin for abdominal pain, with no refills, and a solution for constipation. Plaintiff later complained that he had run out of the Levsin, for which no refills were ordered. When he was taken back to the doctor's office about three weeks later, the prescription was refilled. The doctor indicated he would make a referral for Plaintiff to the LSU Hepatitis Clinic. A nurse at the clinic later issued a rejection of the referral, with a note: "Not enough info. Labs?"

Plaintiff was taken to LSUMC the next month and evaluated for Hepatitis C. Lab work was done, and an ultrasound of the abdomen and liver were unremarkable. The doctor prescribed preventative medications and recommended that Plaintiff follow up in three months for a Hepatitis panel work-up. A follow-up appointment was made in October 2011, but the hospital later changed the date to December 8, 2011. Plaintiff continued to file requests for medical attention after this date, but the focus changed from Hepatitis to matters such as a knot behind his ear, a desire for psychiatric help, left shoulder pain, and running out of pain medicine.

Before the next scheduled visit to LSUMC, Plaintiff pleaded guilty to a charge of sexual battery and was sentenced to nine years at hard labor. He was transferred from the

DeSoto Parish facility to the Louisiana Department of Corrections. DeSoto officials issued a medical record transfer summary that listed Plaintiff's medications, his diagnoses with Hepatitis C and hypertension, and noted the date of the follow-up appointment at LSUMC. Medical records from LSUMC show that Plaintiff was treated there after being placed in state custody, but there was no mention of liver problems during those visits.

**Analysis**

Plaintiff, who apparently had little concern for his health or taking medication while not in custody, became focused on his healthcare when in jail. Jail officials responded to his frequent requests for care by having him seen by the nurse at the jail and often transporting him to see physicians. Jail officials provided the medications that were prescribed by the physicians. Plaintiff complains that officials allowed his pain medication to run out, but there is no indication the prescribing physician directed refills or a follow-up visit timed to coincide with the pills running out. Plaintiff also complains about a lack of help in receiving Hepatitis C treatment, but jail and medical records show that Plaintiff was taken to see a physician about that condition and was given the recommended treatment.

Plaintiff may disagree with the frequency of his visits or the treatment choices made by his physicians or prison officials, but such disagreements do not state a constitutional claim. Plaintiff must show that a named defendant was deliberately indifferent to his serious medical need, meaning an unnecessary and wanton infliction of pain that is repugnant to the conscious of mankind. A showing of deliberate indifference requires the prisoner to submit evidence that prison officials refused to treat him, ignored his complaints, intentionally

treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs. Gobert v. Caldwell, 463 F.3rd 339, 346 (5th Cir. 2006). It is "an extremely high standard to meet." Id. The summary judgment evidence submitted by Warden Reed and Lieutenant Clark, who are seldom mentioned in the complaint, does not allow a finding that either of those two individuals ran afoul of that demanding standard.

Accordingly,

**IT IS RECOMMENDED** that the **Motion for Summary Judgment (Doc. 44)** be **granted** and that all claims against Dennis G. Reed and Randy Clark be **dismissed with prejudice**.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within seven (7) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to

proposed factual findings and legal conclusions accepted by the district court.  See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 29th day of May, 2014.

Mark L. Hornsby
U.S. Magistrate Judge